**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **JEFFREY LAFRENCE**, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>**VITALANT**,<br><br>     Defendant. | No. 0:26-cv-00334-JMB-DTS<br><br>Honorable Judge Jeffrey M. Bryan<br><br>Honorable Magistrate Judge<br>David T. Schultz |

### PARTIES JOINT RULE 26(f) REPORT

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on April 1, 2026 at 4:30 P.M. Central Time and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **April 9, 2026, at 10:00 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

### TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge do not waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference.

1

**DESCRIPTION OF THE CASE**

1. <u>Concise factual summary of Plaintiff's claims</u>: Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing nonconsensual prerecorded or artificial voice calls to Plaintiff's cellular telephone for telemarketing purposes.

2. <u>Concise factual summary of Defendant's claims/defenses</u>: Defendant believes that Plaintiff's claims do not support class-wide relief. To the extent Plaintiff was contacted by Defendant after allegedly requesting to be removed from its calling list after previously authorizing Defendant to contact him, this represents an issue unique to Plaintiff and not emblematic of Defendant's practices and procedures. Nor is it the case that Defendant's contacts individuals without first obtaining their consent. As a result, Plaintiff's claims do not support class-wide relief.

3. <u>Statement of jurisdiction (including statutory citations)</u>: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

4. <u>Summary of factual stipulations or agreements</u>: None at this time.

5. <u>Statement of whether a jury trial has been timely demanded by any party</u>: Plaintiff has demanded a jury trial.

6. <u>Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials</u>: The parties do not agree.

**PLEADINGS**

Defendant has been served, and Defendant has appeared. The parties do not currently anticipate adding additional parties but reserve the right to amend pleadings.

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1.  The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **Friday, May 15, 2026**.

2.  The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **Not applicable**.

3.  The parties must commence fact discovery procedures in time to be completed by **Friday, January 30, 2027**.

4.  The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:[1]

    a.  **25** interrogatories;

    b.  **35** document requests;

    c.  **35** requests for admission;

    d.  **10** factual depositions:

    e.  **0** Rule 35 medical examinations; and

    f.  The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: none at this time, but the parties are exploring the possibility of doing them remotely.

## EXPERT DISCOVERY

5.  The parties anticipate that they will require expert witnesses at the time of trial.

---

[1] To the extent that the Court certifies a class in this matter, the parties may seek leave to conduct additional class wide discovery.

   a. The Plaintiff anticipates calling up to **2** expert in the fields of: data analysis to analyze how many prerecorded calls were made, when they were made, and to whom they were made; and general telecommunications/data analysis.

   b. The Defendant anticipates calling up to 2 experts to conduct data analysis on the calls at issue relating to the putative class and issues relating to the ability to identify the putative class members.

6. The parties propose that the Court establish the following plan for expert discovery:

   a. Expert Disclosures:

     (i) **Initial Expert Disclosures**: The identity of any expert any party may call to testify at trial, along with any written report prepared in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C), shall be served on or before **Friday, February 12, 2027.**

     (ii) **Rebuttal Expert Disclosures**: The identity of any expert any party may call to testify at trial in rebuttal, along with any written report prepared in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C), shall be served within thirty (30) days of the Initial Expert Disclosure deadline, on or before **Friday, March 12, 2027.**

7. **Expert Discovery Cutoff**: All expert discovery, including expert depositions, shall be completed within thirty (30) days of the Rebuttal Expert Disclosure deadline, on or before **Friday, April 9, 2027**.

**OTHER DISCOVERY ISSUES**

1. Protective Order: The parties have conferred regarding the need for a protective order to govern discovery and agree to jointly prepare and submit a proposed protective order. The parties acknowledge that Local Rule 5.6 governs the filing of materials under seal, and its procedures will be incorporated by reference into the proposed protective order. All counsel further confirm that they have reviewed and will comply with Local Rule 5.6.

2. Discovery of Electronically-Stored Information: The parties have discussed the scope of electronic discovery, including issues of relevance, proportionality, and preservation, as well as the form or forms in which electronically stored information ("ESI") should be produced. The parties will continue to meet and confer regarding a formal ESI protocol and agree to jointly prepare and file a proposed ESI plan. To the extent any disputes arise, the parties will promptly bring those issues to the Court's attention. The parties will further meet and confer by **May 15, 2026** to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **May 21, 2026**.

3. Claims of Privilege or Protection: The parties have discussed issues regarding the protection of information by the attorney-client privilege and the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including procedures for asserting such claims after production and any agreements under Fed. R. Evid. 502. The parties agree to include their agreement in the proposed Protective Order and anticipate entering into an agreement pursuant to Federal Rule of Evidence 502.The parties further agree that communications or documents that are privileged or protected as work product and that were generated after September 18, 2024, need not be included in a privilege log under Rule 26(b)(5), except for communications between the parties and third parties. The parties respectfully request

that the Court include the following provision in the Scheduling Order: *The proposed Protective Order will include a clawback provision governing the inadvertent production of privileged or protected materials*.

**MOTION SCHEDULE**

The parties proposed the following deadlines for filing motions:

1.     **Motions to Join Parties**: All motions seeking to join additional parties must be filed and served by Friday, October 9, 2026.

2.     **Motions to Amend Pleadings**: All motions seeking to amend the pleadings must be filed and served by Friday, October 9, 2026.

3.     **Non-Dispositive Motions**:

   a)  All non-dispositive motions relating to fact discovery must be filed and served by *Friday, May 14, 2027*.

   b)  All other non-dispositive motions, including those relating to expert discovery, must be filed and served by *Friday, July 9, 2027*.

4.     **Dispositive Motions**: All dispositive motions must be filed and served by Friday, *August 6, 2027*.

**CLASS CERTIFICATION SCHEDULE**

1. Plaintiff's Motion for Class Certification shall be filed and served by **Friday, May 7, 2027**.

2. Defendant's Opposition shall be served by **Friday, June 4, 2027**.

3. Plaintiff's Reply shall be served by **Friday, June 18, 20276**.

**TRIAL**

1. The parties request that the Court set a status conference following its ruling on the Motion for Class Certification to determine the remainder of the case schedule, including any

6

deadlines for summary judgment and trial. The parties anticipate that the case will be ready for trial within 60 days of the Court's ruling on the Motion for Class Certification or any summary judgment motion, whichever is later.

2. The anticipated length of the jury trial is 3–5 days.

**INSURANCE CARRIERS/INDEMNITORS**

Defendant will disclose any applicable insurance coverage pursuant to Rule 26(a)(1).

**SETTLEMENT**

The parties briefly discussed settlement at the Rule 26(f) meet-and-confer and will submit confidential settlement letters as required. Because Plaintiff has filed this action as a class action, discovery related to the class is necessary to facilitate meaningful settlement discussions. If the parties believe they would benefit from the Court's assistance or wish to proceed with a settlement conference, they will notify the Court.

Respectfully submitted this 2nd day of April, 2026.

| | |
|---|---|
| */s/ Cassandra P. Miller* | */s/ Eric V. Schyndle* |
| Cassandra P Miller *(pro hac vice)* | Eric Van Schyndle |
| Raina C. Borrelli | **QUARLES & BRADY LLP** |
| **STRAUSS BORRELLI PLLC** | 411 E Wisconsin Avenue, Suite 2350 |
| 980 N Michigan Avenue, Suite 1610 | Milwaukee, WI 53202 |
| Chicago, IL 60611 | Telephone: 414-277-5155 |
| Telephone: 872-263-1100 | eric.vanschyndle@quarles.com |
| Fax: 872-263-1109 | |
| cmiller@straussborrelli.com | *Counsel for Defendant Vitalant* |
| raina@straussborrelli.com | |

Anthony Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: 508-221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

7
